UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GEORGE A. MILLER,

    Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 13-1347 (JAF)

## **OPINION AND ORDER**

We consider the defendants' motion to dismiss on Eleventh Amendment immunity and absolute immunity grounds.

### **I.**

### **Background**

George Miller, a disabled veteran, alleges that the defendants conspired with his former landlord to discriminate against him based on the eviction case his landlord filed against him in Commonwealth court. Miller also claims his former landlord discriminated against him on account of his disability. (Docket No. 2.)

Miller filed a *pro-se* complaint under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act seeking redress for alleged constitutional violations against multiple defendants, including the Commonwealth of Puerto Rico, the Puerto Rico Office of Court Administration, the Judicial Center of Mayaguez, Puerto Rico, the Puerto Rico Police Department, and Superior Court Judge Carmen Lugo-Irizarry. (Docket No. 2.) The

Commonwealth defendants, including Judge Carmen Lugo-Irizarry, moved to dismiss. (Docket No. 17).

## II.

## Legal Standard

**A.    Motion to Dismiss Standard**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief.  See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff.  Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 39-40 (1st Cir. 2012) (citation omitted).

**B.    Claims Raised Under 42 U.S.C. § 1983**

Section 1983 creates a cause of action against those who, acting under color of state law, violate a plaintiff's constitutional or federal rights.  See 42 U.S.C. § 1983; Maine v. Thiboutot, 448 U.S. 1, 4(1980).

## III.

## Discussion

Defendants argue that because the Commonwealth of Puerto Rico has not consented to be sued they are entitled to Eleventh Amendment immunity in their official capacities.  (Docket No. 30 at 17-18.)  We agree.

The Eleventh Amendment of the United States Constitution bars suits in federal courts by private parties seeking damages that would be paid from the state treasury. Quern v. Jordan, 440 U.S. 332, 337 (1979). Unless the state consents to be sued, the Eleventh Amendment proscribes suits against a state or one of its departments. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Immunity extends to state agencies and their officials when the agency or institution is characterized as an arm or alter ego of the state or when it should be treated instead as a political subdivision of the state. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); see also Frensenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp., 322 F.3d 56, 63 (1st Cir. 2003) (twin goals of the Eleventh Amendment—protection of the state's treasury and of its dignitary interests—explicitly govern the arm-of-the-state analysis.). The Commonwealth of Puerto Rico enjoys the protection of the Eleventh Amendment. See Maysonet-Robles v. Cabrero, 323 F.3d 43, 53 (1st Cir.2003).

Furthermore, the Supreme Court has decided that neither a state nor its agencies are "persons" susceptible to being sued under Section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Quern, 440 U.S. at 339–42.

Here, because the Commonwealth of Puerto Rico, including its instrumentalities, has not consented to be sued, we dismiss Miller's claims with prejudice.

In addition to the claims brought against the Commonwealth, Miller has also asserted claims that Respondent Irizarry, a Commonwealth superior court judge, engaged in a conspiracy to deprive Miller of his rights. The violations that Miller alleges against

Case 3:13-cv-01347-JAF   Document 18   Filed 09/27/13   Page 4 of 5

Civil No. 13-1347 (JAF)                                                                                     -4-

Defendant Irizarry are judicial in nature and were made in conjunction with her role in his Commonwealth case.

It is well settled that when judges are performing judicial functions they are absolutely immune from civil liability. Stump v. Sparkman, 435 U.S. 349, 363-64 (1978); see also Francis v. Crafts, 203 F.2d 809, 811 (1st Cir. 1953) (Judicial immunity from civil liability for acts done in their official functions is firmly and deeply rooted in traditions of Anglo-American Law). Even where, as here, judges are accused of deciding a case due to improper motives, they are entitled to absolute immunity. Guzman-Rivera v. Lucena-Zabala, 642 F.3d 92, 96 (1st Cir. 2011); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Judicial immunity is overcome in only two sets of circumstances: For actions not taken in the judge's judicial capacity; and for actions taken in complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991).

Here, Miller fails to allege any conduct that would defeat absolute immunity. Therefore, we dismiss Miller's claims against Respondent Irizarry with prejudice.

Finally, the defendants argue that Miller has failed to state a claim. (Docket No. 17 at 6-7.) We see no need to address this since the reasons stated above foreclose Miller's claims.

## IV.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss, (Docket No. 17), is **GRANTED.** The plaintiff's federal law claims are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of September, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
